Filed 1/27/21  P. v. Sorrels CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JERRY SORRELS,<br><br>        Defendant and Appellant. | B305320<br><br>(Los Angeles County<br>Super. Ct. No. BA321479) |

APPEAL from an order of the Superior Court of Los Angeles County.  Ray G. Jurado, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jerry Sorrels appeals the trial court's summary denial of his petition for resentencing of his premeditated first degree murder conviction pursuant to Penal Code section 1170.95,[1] a provision added by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015) (SB 1437). He contends the trial court violated section 1170.95 and his constitutional rights to due process and assistance of counsel by denying his petition after appointing him counsel but before giving him an opportunity to brief or argue the petition. We need not address the merits of his contentions. He was not eligible for resentencing as a matter of law, so any error was harmless. We affirm.

## BACKGROUND

In 2009, a jury convicted Sorrels and two co-defendants of first degree murder for killing a bystander during a drive-by gang-related shooting. (§ 187, subd. (a).) For Sorrels, the jury found true street gang and firearm enhancements. (§ 186.22, subd. (b)(1)(C); § 12022.53, subds. (b)–(e)(1).) The trial court sentenced him to 50 years to life. This court set forth the lengthy facts in an opinion affirming the judgment in a prior appeal. (*People v. Sorrels* (2012) 208 Cal.App.4th 1155.)

On August 19, 2019, Sorrels filed a form petition for resentencing pursuant to section 1170.95, declaring he was not the actual killer, did not act with intent to kill, and was not a major participant in the felony or did not act with reckless indifference to human life. The trial court "read[] and consider[ed]" the petition, appointed Sorrels a bar panel attorney, and set a hearing for November 21, 2019.

---

[1] Undesignated statutory citations refer to the Penal Code.

The prosecution filed an opposition to the petition, arguing Sorrels failed to present a prima facie case for relief. It argued Sorrels was legally ineligible for resentencing because the jury was not instructed on either felony murder or aiding and abetting on a natural and probable consequences theory. It attached the jury instructions from the underlying trial. Sorrels filed no reply brief and suggests on appeal his appointed counsel was not provided proper notice.

At the November 21, 2019 hearing on the petition, the trial court denied Sorrels' petition "because he was the actual killer." The deputy district attorney was present, but Sorrels and his appointed counsel were not. Sorrels filed a petition for habeas corpus challenging the summary denial of his petition, which we treated as a notice of appeal.

## DISCUSSION

Effective January 1, 2019, SB 1437 addressed "certain aspects of California law regarding felony murder and the natural and probable consequences doctrine by amending sections 188 and 189" and by adding "section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, §§ 2–4.)" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722–723 (*Martinez*).) In short, SB 1437 "was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*Martinez,* at p. 723.)

3

This change "did not, however, alter the law regarding the criminal liability of direct aiders and abettors of murder because such persons necessarily 'know and share the murderous intent of the actual perpetrator.' [Citations.] One who directly aids and abets another who commits a murder is thus liable for murder under the new law just as he or she was liable under the old law." (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1135 (*Lewis*), rev. granted, Mar. 18, 2020, S260598.)

Section 1170.95 creates a multi-step procedure for a defendant to petition for resentencing pursuant to SB 1437. A defendant may petition for resentencing if he or she was "convicted of felony murder or murder under a natural and probable consequences theory" and the following conditions are met: "(1) A charging document was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) The petitioner was convicted of first or second degree murder following trial or an accepted plea; and (3) The petitioner could 'not be convicted of first or second degree murder because of changes to Section[s] 188 or 189' made by Senate Bill No. 1436. (§ 1170.95, subd. (a).) [¶] Under section 1170.95, subdivision (b), the petition must include: a declaration from the petitioner that he or she is eligible for relief under the statute, the superior court's case number and year of conviction, and a statement as to whether the petitioner requests appointment of counsel. (§ 1170.95, subd. (b)(1).) If any of the required information is missing and cannot 'readily [be] ascertained by the court, the court may deny the petition without prejudice to the filing of another petition.' (§ 1170.95, subd. (b)(2).)" (*Lewis, supra,* 43 Cal.App.5th at pp. 1135–1136.)

4

Section 1170.95, subdivision (c) sets forth the procedure once the defendant files a complete petition: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

Should the court issue an order to show cause, it must hold a hearing to determine whether to vacate the murder conviction. (§ 1170.95, subd. (d).) If the court vacates the murder conviction, the court must resentence the defendant on the remaining counts, or if no target offense was charged, "the petitioner's [murder] conviction shall be redesignated as the target offense or underlying felony for resentencing purposes." (§ 1170.95, subds. (d)(3), (e); see *Lewis, supra,* 43 Cal.App.5th at pp. 1136–1137.)

We follow the cases interpreting section 1170.95, subdivision (c) to permit a trial court to summarily deny a petition without appointing counsel when the defendant fails to make a prima facie showing of eligibility for resentencing. (*People v. Falcon* (2020) 57 Cal.App.5th 272, 275.) In doing so, the court may consider the record of conviction, including the jury instructions from the petitioner's trial. (*Ibid.*; *People v. Daniel* (2020) 57 Cal.App.5th 666, 676, (*Daniel*); *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055 (*Soto*), rev. granted Sept. 23, 2020, S263969; *People v. Smith* (2020) 49 Cal.App.5th 85, 92, fn. 5, rev.

granted, July 22, 2020, S262835 ["For example, if the jury was not instructed on a natural and probable consequences or felony-murder theory of liability, the petitioner could not demonstrate eligibility as a matter of law because relief is restricted to persons convicted under one of those two theories."].)

Here, the trial court initially "read[] and consider[ed]" Sorrels' petition, appointed him counsel, and set a hearing date on the petition. We presume, then, the court found Sorrels' petition stated a prima facie case and moved to the second step of appointing him counsel and receiving briefing from the parties. However, the court summarily denied the petition after receiving a brief from the prosecution with the attached jury instructions, but before receiving a brief from Sorrels or holding a hearing with Sorrels or his appointed counsel present. Sorrels suggests his counsel was not given proper notice and points out the hearing was held less than 30 days after the prosecution filed its brief. Sorrels claims this proceeding violated section 1170.95 and deprived him of his constitutional rights to due process and assistance of counsel.

Whether or not the trial court erred, Sorrels suffered no conceivable prejudice because the jury instructions, which were part of the record of conviction, showed he was ineligible for relief as a matter of law. (*Daniel, supra,* 57 Cal.App.5th at p. 676 ["[A] defendant . . . whose petition is denied before an order to show cause issues has the burden of showing 'it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing.' "].) The jury was instructed only on a theory of first degree premeditated murder, which necessarily required findings of malice aforethought, willfulness,

6

premeditation, and deliberation.  While the jury was instructed on aiding and abetting, the instructions were limited to the theory of *direct* aiding and abetting, which required intent to kill and was unaffected by SB 1437.  (See *Lewis, supra,* 43 Cal.App.5th at p. 1137 ["Because one can be convicted of murder even after the amendments if he or she directly aided and abetted the perpetrator of the murder, defendant was required to make a prima facie showing that he was not such a direct aider and abettor."].)  Sorrels points out the jury was instructed on uncharged conspiracy, but that too required the prosecution to "prove that the members of the alleged conspiracy had an agreement and intent to commit murder."

The jury was not instructed on either felony murder or aiding and abetting based on natural and probable consequences. Sorrels identifies nothing in our prior opinion or the record of conviction suggesting he was convicted on either theory.  These instructions conclusively show the jury necessarily convicted Sorrels by finding either he was the actual killer or he had intent to kill.  (See *Soto, supra,* 51 Cal.App.5th at p. 1055 [jury instructions showed as matter of law defendant could not make prima facie showing under section 1170.95].)  Thus, even if the trial court had allowed Sorrels' appointed counsel to file a reply brief and argue the petition at the hearing, Sorrels would not have been entitled to relief.

Sorrels argues for the first time in his reply brief the procedural errors he has raised are "structural" so harmless error analysis does not apply.  He has forfeited this belated argument. (*People v. Taylor* (2020) 43 Cal.App.5th 1102, 1114.)  Even absent forfeiture, the alleged deprivation of the right to counsel on a section 1170.95 petition is not a structural error; it is subject to

harmless error analysis.  (See *Daniel, supra,* 57 Cal.App.5th at p. 675, ["[T]he failure to appoint counsel upon the filing of a facially sufficient petition under section 1170.95 *is* susceptible to review for prejudice.  [Citation.]  And harmlessness is established if the record 'conclusively demonstrate[s] that [the petitioner] was ineligible for relief as a matter of law.' "]; see also *People v. Edwards* (2020) 48 Cal.App.5th 666, 675, rev. granted, July 8, 2020, S262481 [finding failure to appoint counsel for section 1170.95 petition harmless under any standard].)  As explained, the alleged errors Sorrels has raised were harmless, so he is not entitled to resentencing.

## DISPOSITION

The order is affirmed.


BIGELOW, P. J.

We Concur:


GRIMES, J.


WILEY, J.